**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOHN FISHER,**

      **Plaintiff,**

      **v.**

**CHRIS DODSON, et al.,**

      **Defendants.**

**Case No. 2:09-cv-730
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King**

## **OPINION AND ORDER**

This matter is before the Court for consideration of Defendants' motion to dismiss (Doc. # 6), Plaintiff's memorandum in opposition (Doc. # 12), and Defendants' reply memorandum (Doc. # 14). For the reasons that follow, the Court finds the motion well taken in regard to the federal claims and declines to exercise jurisdiction over the state law claims, which the Court dismisses without prejudice.

### **I. Background**

According to the Complaint, several individuals reported on July 3, 2007, that they had observed a one-armed man throwing tennis balls into a lake at Strouds Run State Park. The reporting individuals suggested to that the one-armed man may have been attempting to introduce unknown viruses, toxins, or biochemicals into the lake in an effort to harm swimmers. The park was consequently closed for several days. A doctor from the Ohio Department of Health tested the tennis balls that had been submerged in the lake. He found that there was a "watery like substance in the balls," but no evidence of biological chemicals or viruses. (Doc. # 2 ¶ 11.) Plaintiff, John Fisher, was subsequently charged with inducing panic and littering. Approximately eight months later, the charges were dismissed in Plaintiff's favor.

On August 17, 2009, Plaintiff filed the instant case against apparent current and former officers of the Ohio Division of Parks and Recreation. Defendants subsequently filed a motion to dismiss. (Doc. # 6.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standards Involved

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(1). That rule provides an action may be dismissed for lack of subject matter jurisdiction. Under the Federal Rules of Civil Procedure, "[p]laintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)). *See also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) (citing *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction.")

Rule 12(b)(1) motions to dismiss based upon a lack of subject matter jurisdiction generally come in two varieties, either facial or factual attacks on the complaint. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004). A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading. *Id.* In reviewing such a facial attack, a trial court takes the allegations in the complaint as true, a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id.* On the other hand, when a court reviews

a complaint under a factual attack, no presumptive truthfulness applies to the factual allegations. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). *See also Nat'l Ass'n of Minority Contractors v. Martinez*, 248 F. Supp. 2d 679, 681 (S.D. Ohio 2002). As a result, this Court may weigh the evidence and resolve any factual disputes when adjudicating such a jurisdictional challenge. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 2004) (citing *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)).

Defendants also move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether the party asserting a claim has set forth a claim upon which the Court may grant relief. This Court must construe the pleading in favor of the party asserting a claim, accept the factual allegations contained in that party's pleading as true, and determine whether the factual allegations present a plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

To be considered plausible, a claim must be more than merely conceivable. *Bell Atlantic Corp.*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

**B. Analysis**

As a threshold matter, this Court must address what claims Plaintiff is asserting in this action. The Complaint appears to indicate the assertion of federal claims under 42 U.S.C. §§ 1983, 1985, and 1988, as well as possibly state law claims for malicious prosecution and the intentional infliction of emotional distress. (Doc. # 2.) Defendants moved for dismissal of claims under the foregoing federal statutes, as well as all state law claims asserted.

In his memorandum in opposition, Plaintiff states that "Defendants have mischaracterized the Plaintiff's pleadings and what is being pled." (Doc. # 12, at 2.) Plaintiff asserts in his brief that he "filed this action for prosecution without probable cause, intentional infliction of emotional distress and abuse of process" (Doc. # 12, at 2) and that he "brought actions herein for prosecution without probable cause, intentional infliction of emotional distress and abuse of process" (Doc. # 12, at 3).[1] Plaintiff also addresses in his memorandum in opposition asserted

---

[1] It is unclear whether Plaintiff intended to assert a § 1985 claim. The Complaint states that "[t]he Defendant's behavior and actions are in violation of 42 US Code 1983, 42 US Code 1985 and 42 US Code 1988." (Doc. # 2 ¶ 22.) Plaintiff also references § 1985 in his memorandum in opposition, noting that "[t]he Defendants maintain the statute of limitations for the Plaintiff's claims under 42 U.S.C. 1983 and 1985 had run in the case previous to the Plaintiff filing the action." (Doc. # 12, at 2.) But nowhere in either filing does Plaintiff again reference § 1985, and Plaintiff's subsequent description of his claims fails to include § 1985. Plaintiff also fails to present an argument opposing Defendants' rationale for dismissal of any § 1985 claim.

In light of Plaintiff's characterization fo his own claims, the Court concludes that Plaintiff either did not intend to assert a § 1985 claim or that he intends to abandon such a claim

4

violations of numerous provisions of the Ohio Constitution, which he improperly attempts to dismiss under Federal Rule of Civil Procedure 41.[2]

Defendants responded to Plaintiff's clarification of his obtuse pleading by stating in their reply memorandum that he has asserted "1) a 42 U.S.C. 1983 claim for prosecution without probable cause, 2) a state law claim for intentional infliction of emotional distress, and 3) a state law claim for abuse of process." (Doc. # 14, at 1.) Defendants also acknowledge–and state that they do not object to–the attempted dismissal of Plaintiff's "causes of action under the Ohio Constitution." (*Id.* at 2.)

Only rarely has this Court been confronted with a situation in which it is not at least relatively clear what claims are involved in a case, especially when a plaintiff has attempted to clarify a complaint. Defendants nonetheless move for dismissal of all claims on multiple grounds, including their contention that the applicable statutes of limitations bar either all or at least some of Plaintiff's federal and state claims. To support this argument, Defendants have submitted with their motion a certified copy of the docket for Plaintiff's misdemeanor case in the Athens County Municipal Court. The state court docket indicates that charges were filed against Plaintiff on August 17, 2007, and then subsequently dismissed on December 11, 2007. (Doc. #

---

following the motion to dismiss. Assuming *arguendo* that Plaintiff intended to assert and then pursue a claim under § 1985, this Court concludes that Plaintiff has failed to set forth facts upon which this Court can grant relief on such a claim. Stated even more simply, the Complaint wholly fails to plead facts supporting a claim under any provision of § 1985, as Defendants capably describe in their briefing, which leads to Defendants prevailing on their argument for a Rule 129b)(6) dismissal of any § 1985 claim.

[2] In light of this Court's disposition of all state law claims, the Court need not and does not address at length Plaintiff's flawed attempt to dismiss portions of his case under Rule 41. The Court notes that it need not discuss herein Defendants' moot arguments regarding the dismissed state law claims.

6, Ex. A.) Plaintiff filed the instant action on August 17, 2009. (Doc. # 2.) Plaintiff argues that this filing date falls within even the shortest statute of limitations because the relevant two-year date, August 16, 2009, fell on a Sunday, which permitted timely filing of his claims on the next business day. Recognizing the inherent uncertainty of what Plaintiff has plead, Defendants explain in their reply memorandum:

> The two year statute of limitations for a 42 U.S.C. 1983 claim for malicious prosecution does not accrue until the criminal proceeding is terminated in favor of the plaintiff. Therefore, a claim for prosecution without probable cause, if made in the Complaint, is timely. To the extent that Plaintiff attempts to assert 42 U.S.C. claims that are based on actions or events that occurred before August 17, 2007, those causes of action are barred by the two year statute of limitations.

(Doc. # 14, at 3 (citation omitted).) This Court need not resolves the parties' statute of limitations debate because alternative grounds prove dispositive of the federal claims involved in this litigation, whatever they may be, because the claims suffer from the same fatal flaw.

Turning therefore to Defendants' substantive arguments for dismissal of Plaintiff's claims, the Court shall begin with 42 U.S.C. § 1983. That statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, in order to assert a valid § 1983 claim, Plaintiff must show that, while acting under color of state law, Defendants deprived him of a right secured by the Federal Constitution or laws of the United States. *See Alkire v. Irving,* 330 F.3d 802, 813 (6th Cir. 2003). Dismissal of the individual capacity § 1983 claim or claims is warranted because Plaintiff has failed to plead any particular acts on the part of Defendants that, if true, violated his

constitutional rights. *See Gurik v. Mitchell*, 26 F. App'x 500, 504 (6th Cir. 2002) (affirming dismissal of complaint in § 1983 case for failure to allege particular actions presenting violations of constitutional rights). Instead, after recounting the history of the events preceding any apparent investigation into Plaintiff, the Complaint only generally states in summary fashion that "Defendants, without reasonable suspicion or probable cause had the Plaintiff falsely charged with inducing panic and littering" (Doc. # 2 ¶ 12), "Defendants initiated false criminal proceedings" (*Id.* ¶ 16), "Defendants launched the prosecution against the Plaintiff" (*Id.* ¶ 17), and "Defendants wilfully and intentionally charged the Plaintiff with the crimes of littering and inducing panic" (*Id.* ¶ 25). Even less helpfully, the Complaint also provides that "[t]he Defendant initiated criminal proceedings against the Plaintiff without probable cause." (*Id.* ¶ 19.) It is unclear whether this sole singular reference to an unidentified defendant is a scrivener's error or, presumably less likely, an attempt to highlight one particular named defendant. Regardless, none of these conclusory general allegations indicate specific conduct on the part of any defendant, much less unconstitutional misconduct.

>Plaintiff argues to the contrary in his memorandum in opposition:
>
>Clearly, claims under th[e] 4th, 5th, 6th and 14th Amendments have been spelled out in the Plaintiff's complaint, and claims under the 1st and 8th [A]mendments should be allowed to be pursued during a short period of discovery. If thereafter, as to the 1st and 8th [A]mendment issues, the Plaintiff believes he can not in good faith pursue these claims, he will request leave to voluntarily dismiss these claims.

(Doc. # 12, at 4.) This argument necessitates two comments. First, Plaintiff has implicitly conceded that he has failed to plead facts presenting violations of First or Eighth Amendment rights, a concession that makes sense given the dearth of any facts suggesting even by inference such violations in the Complaint. Second, Plaintiff's assessment of his pleading in regard to a §

7

1983 claim or claims predicated upon violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments fails to recognize that this Court is unable to discern how Plaintiff intends the facts plead to inform most if not all of these constitutional rights.

Defendants raise this latter point in their briefing, explaining:

> [T]he factual allegations of the Complaint, even if deemed to be true, fail to set forth "viable legal theories" for violations of the other amendments listed by Plaintiff. He has not alleged viable legal theories regarding how he was subjected to an unreasonable search, seizure and/or to a warrant without probable cause in violation of the Fourth Amendment. Plaintiff's factual allegations do not establish how he was required to answer to a charge of a capital or infamous crime without presentation to a Grand Jury, subjected to double jeopardy or required to be a witness against himself or that he suffered due process violations as protected by the Fifth Amendment. Nor has he set forth a viable legal theory as how his right to a speedy and public trial or any other right protected by the Sixth Amendment or the protection against excessive bail barred by the Eight Amendment was violated.
>
> Likewise, the allegations of the Complaint, even if true, do not result in a viable legal theory for which Plaintiff can be provided protection under the Fourteenth Amendment. This claim and the other claims under the U.S. Constitution should be dismissed for failing to set forth a claim upon which relief can be granted.

(Doc. # 6, at 9-10.) This Court agrees. Even construed in Plaintiff's favor, the Spartan Complaint fails to present a plausible § 1983 claim or claims against Defendants in their individual capacities.

As noted, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to preclude dismissal under Rule 129b)(6). *Iqbal*, 129 S. Ct. at 1949. Plaintiff's failure to plead relevant facts therefore dooms his Complaint even under a notice pleading standard. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (" 'A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.' " (quoting

8

*O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976))); *see also Wilson v. Karnes*, No. 2:06-cv-392, 2007 WL 4207154, at *7 (S.D. Ohio Nov. 26, 2007) (stating in dismissing a § 1983 claim that "[w]hile Rule 8(a)(2) only requires a short and plain statement of the claim, it must contain *some* factual allegations that identify the underlying events that gave rise to the claim and demonstrate that Plaintiff could recover under some legal theory.").

Plaintiff's § 1983 claims against Defendants in their official capacities fare equally unwell. In addition to the foregoing rationale for dismissal, it is also well settled that *respondeat superior* cannot provide a basis for liability here. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 691 (1978). Plaintiff has failed even to suggest the existence of any custom, policy, or practice upon which he may proceed in a § 1983 official capacity claim. Accordingly, dismissal of the § 1983 official capacity claims is mandated.

This leaves for discussion of Plaintiff's federal claims only his assertion of a § 1988 claim.[3] The Sixth Circuit has held that "it is well settled that § 1988 does not create federal causes of action for violation of civil right" and a plaintiff's underlying federal claims must survive before § 1988 becomes relevant. *Henderson v. Reyda*, 192 F. App'x 392, 397 (6th Cir. 2006). Because Plaintiff's predicate federal claims have failed, Plaintiff's § 1988 claim necessarily fails as well.

Defendants correctly suggest that this Court, having dismissed Plaintiff's federal claims,

---

[3] The Court has already discussed the failure of Plaintiff's § 1985 claim or claims, if indeed Plaintiff sought to proceed under that statute. *See* note 1, *supra*. This Court also notes that Plaintiff's failure to plead facts indicating acts by Defendants constituting a constitutional violation likely means that Plaintiff could not defeat Defendants' argument for qualified immunity, an issue this Court need not and does not address given that the federal claims fail for the reasons set forth herein.

9

presumptively should not address any state law claims. *See Jackson v. Heh*, 215 F.3d 1326, 2000 WL 761807, at *8 (6th Cir. 2000) (unpublished table decision) (referencing 28 U.S.C. § 1367 and stating that "[w]here, as here, a federal court has properly dismissed a plaintiff's federal claims, there is a 'strong presumption' in favor of dismissing any remaining state claims unless the plaintiff can establish an alternate basis for federal jurisdiction." (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1998))). Plaintiff has failed to assert any justification or alternative basis for exercising jurisdiction over his state law claims should the Court grant dismissal of his federal claims. The Court therefore expresses no opinion on the state law claims and dismisses these claims without prejudice.

### III. Conclusion

For the foregoing reasons, this Court **GRANTS** Defendants' motion to dismiss in regard to the federal claims. (Doc. # 6.) Additionally, the Court declines to exercise jurisdiction over Plaintiff's state law claims and **DISMISSES** said claims **WITHOUT PREJUDICE**. The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE